AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

**SEALED**

United States of America
v.

CHRISTINE L. REESE

Case No. 2:23-mj- 122

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of February 2020 to January 2023 in the county of Lake in the Northern District of Indiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1347 | Health Care Fraud |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

FBI SA William Rowell
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by email transmission and telephonic confirmation.

Date: 08/22/2023

s/John E. Martin
*Judge's signature*

City and state: Hammond, Indiana

John E. Martin, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, William Rowell, being duly sworn upon oath, state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been employed as such since 2004. Prior to joining the FBI, I was employed as a Software Engineer. I have received extensive training in conducting criminal investigations from the FBI. While employed as a Special Agent by the FBI I have investigated crimes against the United States to include public corruption, civil rights, financial fraud, terrorism, and espionage. My current assignment involves investigating various types of white-collar crimes.

2. The information contained in this affidavit is based upon my firsthand knowledge and the information provided by other law enforcement officers and witnesses. This affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, and therefore contains only a summary of the relevant facts. I have not included each and every fact known to me concerning this investigation.

3. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that from in or about February 2020 to in or about January 2023, in the Northern District of Indiana and elsewhere, Christine L. REESE (a/k/a Christine L. Lang, a/k/a Christine L. Applewhite) did knowingly and

1

willfully execute and attempt to execute a scheme and artifice to defraud, and to obtain by means of false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of a health care benefit program, in connection with the delivery of and payment for health care services and benefits, in violation of Title 18, United States Code, Section 1347. In addition, I submit that the facts contained herein are sufficient to establish probable cause to believe that on or about February 27, 2020, in the Northern District of Indiana, Christine REESE did knowingly use, without lawful authority, a means of identification of another person, during and in relation to a violation of Title 18 United States Code 1347, Health Care Fraud, a felony violation enumerated in 18 U.S.C. § 1028A(c), knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## THE MEDICAID PROGRAM

4.     Medicaid is a joint federal-state program administered by the states under federal guidance. Medicaid enables the states to provide medical, transportation, and related services to needy individuals, including disabled individuals and indigent families with dependent children. The Health Care Finance Administration (HCFA), a component of the United States Department of Health and Human Services (HHS), administers Medicaid on the federal level. Within broad federal rules, however, each state decides who

2

is eligible for Medicaid, the services covered, payment levels for services, and administrative and operational procedures. The state directly pays the providers of Medicaid services, with the state obtaining the federal share of the payment from accounts drawn on funds of the United States Treasury. The federal share of each state's Medicaid program varies by individual state. The federal share in Indiana is approximately two-thirds; the state share is approximately one-third.

5. The State of Indiana through its Family and Social Services Administration participates in the Medicaid program (referred to here as "Indiana Medicaid"). Indiana Medicaid requires individuals and businesses seeking to provide services through Indiana Medicaid to enroll in the program as providers. Enrolled providers of medical services to Medicaid patients are eligible for reimbursement for covered services under the provisions of the Social Security Act. By becoming a participating provider in Indiana Medicaid, enrolled providers agree to abide by the rules, regulations, policies, and procedures governing reimbursement, and to keep and allow access to records and information as required by Indiana Medicaid.

6. Providers enrolled in the Indiana Medicaid program agree to submit claims for only medically and reasonably necessary services that are covered under the program that are actually provided, and to only seek compensation to which the provider is legally entitled. Under the Indiana

3

Medicaid Provider Agreement the State of Indiana entered into with all Medicaid providers, Medicaid providers are prohibited from submitting claims for services for which the provider is not legally entitled to receive payment.

7. Indiana Medicaid is a health care benefit program as defined under Title 18, United States Code, Section 24(b).

## SUMMARY OF PROBABLE CAUSE

8. The Indiana Professional Licensing Agency is responsible for determining licensing criteria and eligibility for a variety of professions, including psychologists. To be licensed as a psychologist in Indiana, among other requirements, an individual must show that he or she possesses a doctoral degree in psychology, which is a Ph.D. or a Psy.D.

9. Licensed psychologists in Indiana must obtain endorsement from the State of Indiana as Health Service Providers in Psychology (HSPP) to engage in independent diagnosis and treatment of mental and behavioral disorders.

10. Medicaid reimbursement is available for outpatient mental health services provided by psychologists who are endorsed as HSPPs. 405 Indiana Administrative Code § 5-20-8. In addition, subject to prior authorization Medicaid will reimburse physician or HSPP directed outpatient mental health services for group, family, and individual outpatient psychotherapy when the

4

services are provided by a licensed psychologist. 405 Indiana Administrative Code § 5-20-8(2)(A).

11. Christine REESE has never been licensed as a psychologist by the Indiana Professional Licensing Agency. Accordingly, she is not permitted to be reimbursed by Indiana Medicaid for psychology services.

12. On or about February 27, 2020, REESE submitted an application for employment as a clinical psychologist with Company A, which provides comprehensive mental health services, and is located in Munster, Indiana. Company A was an enrolled Indiana Medicaid provider. REESE represented that she was a clinical psychologist with a Doctor of Psychology (Psy.D.) degree. REESE's application included a copy of a fraudulent diploma which falsely claimed that Reese obtained the degree of Doctor of Psychology from the Chicago School of Professional Psychology in August 2018. In reality, REESE never obtained this degree. REESE does have a master's degree in psychology from the University of Phoenix. REESE's application to Company A also included a copy of a fraudulent license claiming that REESE was licensed as a clinical psychologist with the Illinois Department of Financial and Professional Regulation.

13. As part of her job application, REESE submitted an Indiana Professional Licensing Agency identification number and falsely represented that it belonged to her. The identification number that REESE used in her

5

employment application really belonged to another individual, C.R., who was a licensed nurse in Indiana.

14. On or about March 20, 2020, REESE was hired by Company A as a contract clinical therapist.

15. REESE worked full-time at Company A in Munster, Indiana, and treated up to 51 patients, including Indiana Medicaid recipients, during a standard 2-week period. For agency billing and reimbursement purposes, following each treatment session, REESE completed an Encounter Forms and billing Invoices. The Encounter Forms and Invoices contained the patient's name, date of service, insurance information, and the proper Current Procedural Terminology (CPT) code for the mental health services that REESE claimed were provided. The CPT code is a medical code set that is used to indicate what medical, surgical, diagnostic procedures, and services a healthcare provider performs, and the amount of money that will be reimbursed by Medicare, Medicaid, and/or private insurance companies. After REESE completed the forms, the forms were used to bill the Indiana Medicaid Program for psychology services that REESE claimed she was providing. During REESE's employment at Company A, Indiana Medicaid paid over $36,000 for services REESE claimed she provided.

16. Investigators reviewed a sampling of 15 separate patient Encounter Forms and Invoices dated between July 23, 2020, and September

6

22, 2021, for five Company A patients. One of the patients was a juvenile, and all five individuals were Indiana Medicaid recipients. On each of the forms, REESE either signed the documents electronically identifying herself as, "Christine Lang, Psy.D.," or by handwritten signature as, "Dr. Christine Lang, Psy.D."

17. On or about September 24, 2021, Company A terminated REESE's employment.

18. On September 29, 2021, the Indiana Professional Licensing Agency issued a Telehealth Facility license to Sanctuary Counseling, LLC, a business owned and/or operated by REESE and Roy Clearance Reese, Jr. Roy Clearance Reese, Jr. appeared to be her boyfriend or business partner at the time and married REESE on October 4, 2021.

19. In November 2021, REESE used fraudulent and stolen information to enroll Sanctuary Counseling, LLC as an Indiana Medicaid provider.

20. On a Medicaid Rendering Provider Agreement and Attestation Form, REESE falsely identified herself in print and handwritten signature as "Dr." Christine Reese, and listed herself as a rendering provider for Sanctuary Counseling.

21. On a second Medicaid Rendering Provider Agreement and Attestation Form for Sanctuary Counseling, REESE used the name of a

7

licensed psychologist, M.O., and falsely represented that M.O. was a rendering provider for Sanctuary Counseling. However, M.O. never worked for Sanctuary Counseling. In addition, the Medicaid Rendering Provider Agreement and Attestation Form appears to contain a handwritten signature for M.O. When investigators asked M.O. about this signature, M.O. informed them that she did not sign this document and she never gave anyone permission to put her signature on the document.

22. On an electronic Medicaid enrollment form for Sanctuary Counseling, REESE submitted an Indiana Professional Licensing Agency identification number and falsely represented that it belonged to her. The identification number that REESE used on this form really belonged to another individual, J.R., who was a psychologist. J.R. never worked for Sanctuary Counseling.

23. On the same electronic Medicaid enrollment form for Sanctuary Counseling, REESE again falsely claimed that M.O. was a supervising practitioner at Sanctuary Counseling. REESE used M.O.'s Indiana Professional Licensing Agency identification number, M.O.'s National Provider Identifier, and M.O.'s electronic signature.

24. On or about November 5, 2021, based on the fraudulent information that REESE provided, Sanctuary Counseling, LLC became an enrolled Indiana Medicaid provider.

8

25. Between in or about November 2021, and in or about January 2023, REESE, through Sanctuary Counseling, LLC, electronically submitted approximately 506 claims for reimbursement to the Indiana Medicaid program for approximately 19 individual Medicaid recipients. REESE used two CPT codes for these claims: (1) 90791, which is for an integrated biopsychosocial assessment, including history, mental status, and recommendations, and (2) 90837, which is for a 60-minute individual psychotherapy session performed by a licensed mental health provider. In total, REESE billed Medicaid and attempted to collect approximately $135,350.00 for mental health services purportedly rendered to Indiana Medicaid recipients. All of REESE's electronic claim submissions were incomplete and subsequently denied.

26. On or about November 30, 2021, REESE, fraudulently identifying herself as "Dr. Christine Reese," electronically applied for Sanctuary Counseling, LLC to become an enrolled provider with Change Healthcare, a nationwide billing clearinghouse. Clearinghouses serve as an electronic station or hub that allows healthcare practices to electronically transmit claims to insurance carriers, including Medicare and Medicaid, in a secure way that protects patient health information. As an enrolled provider with the billing clearinghouse, the healthcare practice selects from a list of participating insurance carriers from which claims for reimbursement can be electronically submitted. Once a claim is submitted and approved, funds are then

9

transmitted to the designated healthcare practice bank account. Each participating carrier requires a separate enrollment application that contains, among other things, the provider's name and contact information, the provider Federal Tax Identification Number and NPI number, and an electronic signature of individual submitting the application.

27. Using the Change Healthcare billing clearinghouse platform, REESE, fraudulently identifying herself as "Dr. Christine Reese," electronically submitted applications for Sanctuary Counseling, LLC to electronically submit reimbursement claims to multiple insurance carriers, including, among others, Indiana Medicare, Healthy Indiana Plan (Indiana Medicaid), Hoosier Healthwise (Indiana Medicaid), and Aetna Better Health of Illinois (Illinois Medicaid).

28. Investigators obtained bank records for Sanctuary Counseling, LLC. The bank records show that numerous deposits designated as "HCCLAIMPMT" have been deposited from various healthcare insurance carriers including, Blue Cross, Humana, Aetna, United Healthcare, and Anthem, among others. In addition, checks and Electronic Funds Transfers are being deposited from ComPsych, a company that provides remote telehealth counseling, UMR Insurance, a third-party administrator owned by United Healthcare, and New Choice Intervention, an Illinois Medicaid provider located in Calumet City, Illinois. The bank records show that a total of over

$116,000.00 in healthcare related deposits have been made to the account since November 2021.

## CONCLUSION

29. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that from in or about February 2020 to in or about January 2023, in the Northern District of Indiana and elsewhere, Christine REESE, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud, and to obtain by means of false and fraudulent pretenses, representations, and promises, money owned by and under the custody and control of a health care benefit program, in connection with the delivery of and payment for health care services and benefits, in violation of Title 18, United States Code, Section 1347.

30. On the basis of the information contained within this affidavit, I submit that the facts contained herein are sufficient to establish probable cause to believe that on or about February 27, 2020, in the Northern District of Indiana, Christine REESE did knowingly use, without lawful authority, a means of identification of another person, during and in relation to a violation of Title 18 United States Code 1347, Health Care Fraud, a felony violation enumerated in 18 U.S.C. § 1028A(c), knowing that the means of identification

11

belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

FURTHER AFFIANT SAYETH NOT.

_____
William Rowell
Special Agent
Federal Bureau of Investigation

This affidavit and accompanying complaint and warrant have been transmitted to me electronically and the affiant has verbally attested to the truth and accuracy of the contents via telephone on this 22nd day of August, 2023.

_____s/John E. Martin_____
HONORABLE JOHN E. MARTIN
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA